UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHARON JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:24-CV-115-HAB ) |
| UNITED STATES OF AMERICA[1], | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff has, unwittingly, bitten off more than she can chew. She thought she was filing a state small claims action against a neighborhood health clinic. Instead, she filed a Federal Tort Claims Act ("FTCA") case against the United States. FTCA claims come with procedural prerequisites, including exhaustion of administrative remedies. The United States now moves to dismiss this case (ECF No. 4), arguing that exhaustion did not occur. But Plaintiff did not plead lack of exhaustion, so dismissal based on this affirmative defense is inappropriate. Additionally, the United States did not follow the Local Rules applicable to summary judgments, so the Court will not entertain its alternative request for relief.

**I.      Factual and Procedural Background**

Plaintiff sued Neighborhood Health in the Allen County, Indiana, Superior Court's Small Claims Division in March 2024. Her one sentence complaint alleges that "They (Neighborhood Health) broke my tooth and I been in pain ever since." (ECF No. 2 at 1).

---

[1] Plaintiff originally sued Neighborhood Health. (ECF No. 2). The United States Attorney has since certified that Neighborhood Health is a federally supported health center and therefore must be deemed part of the Public Health Service. 42 U.S.C. § 233. The United States is, therefore, the appropriate Defendant. 42 U.S.C. § 233(g)(1)(A).

Neighborhood Health removed the case to this Court based on the United States Attorney's certification that it was an "entity of the Public Health Service pursuant to 42 U.S.C. § 254(b)." (ECF No. 1-1 at 2). It then filed a notice to substitute the United States as the Defendant. (ECF No. 3).

The United States then moved to dismiss or for summary judgment. (ECF No. 4). In doing so, it served the required notice of summary judgment filing on the pro se Plaintiff. (ECF No. 6). The United Stated did not, however, follow the Local Rules requiring the separate filing of a Statement of Material Facts. *See* N.D. Ind. L.R. 56-1(a)(3).

## II.    Legal Discussion

### A.    *Motion to Dismiss Standard*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.    *Dismissal is Inappropriate, as Exhaustion is an Affirmative Defense*

Title 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

> negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency in writing* and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). The Government argues that Plaintiff failed to present the claim to the appropriate federal agency and therefore the case must be dismissed.

On this record, the Court cannot agree. Failure to exhaust is generally an affirmative defense. *Gray v. United States*, 723 F.3d 795, 798 & 799 n. 1 (7th Cir. 2013) (describing exhaustion as "a condition on the government's waiver of sovereign immunity" and as an "affirmative defense"). A plaintiff need not plead around an affirmative defense, and the Court may not dismiss under Rule 12(b)(6) on the basis of an affirmative defense unless the plaintiff alleges, and thus admits, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

Neither Plaintiff's one line complaint, nor her more detailed response to the motion to dismiss (ECF No. 12), admit a lack of exhaustion. The Court cannot dismiss this case, then, under Rule 12(b)(6).

**C.**     ***The Court will not Entertain the Motion as one for Summary Judgment***

Understanding the weakness in its motion to dismiss, the United States hedged its bet. The United States submitted evidence in the form of an affidavit affirming that Plaintiff did not file an administrative tort claim. (ECF No. 5-1). It also asked the Court to use its discretion to convert the motion to one for summary judgment (ECF No. 5 at 3), going so far as to serve the required summary judgment notice on the pro se Plaintiff.

Fed. R. Civ. P. 12(d) provides that, when a party submits matters outside the pleadings in support of a motion to dismiss, "the motion must be treated as one for summary judgment under

3

Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion." Given the United States' evidence, the motion was likely always one under Rule 56. But while the United States followed one part of the summary judgment Local Rule, providing for notice to the pro se Plaintiff, it did not follow the part requiring the separate filing of a statement of material facts. As filed, the United States' motion violates this Court's rules of procedure and will not be granted.

The Court concedes that it is likely delaying the inevitable. It seems clear that Plaintiff had no idea she was suing the federal government, so the Court doubts that she followed the appropriate administrative steps even assuming she was aware of them. But the Court also finds, with a pro se Plaintiff, that it is not unreasonable to ask the United States to follow the rules. If the United States files a compliant motion for summary judgment, the Court will consider such a motion at that time.

### III. Conclusion

For these reasons, Defendant's motion to dismiss (ECF No. 4) is DENIED.

SO ORDERED on May 29, 2024.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT