UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHARON JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:24-CV-115-HAB ) |
| UNITED STATES OF AMERICA[1], | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Federal Tort Claims Act ("FTCA") mandates that plaintiffs exhaust administrative remedies before bringing medical malpractice claims against the United States. Because Plaintiff had no idea she was suing the United States, she failed to exhaust. But Plaintiff's ignorance is no excuse, so the Government's motion for summary judgment (ECF No. 17) will be granted.

**I.   Factual and Procedural Background**

Plaintiff sued Neighborhood Health in the Allen County, Indiana, small claims court, alleging "[t]hey (Neighborhood Health) broke my tooth and I been in pain ever since." (ECF No. 2 at 1). Neighborhood Health is an entity of the Public Health Service under 42 U.S.C. § 254(b). The Government removed the case to this Court under the Public Health Service Act, 42 U.S.C. § 233(c), and substituted the United States for Neighborhood Health.

The Government has submitted the affidavit of Meredith Torres in support of its request for summary judgment. Torres states that she has searched the Government's computerized data base of administrative tort claims and found no claim by Plaintiff against Neighborhood Health.

---

[1] Plaintiff originally sued Neighborhood Health. (ECF No. 2). The United States Attorney has since certified that Neighborhood Health is a federally supported health center and therefore must be deemed part of the Public Health Service. 42 U.S.C. § 233. The United States is, therefore, the appropriate Defendant. 42 U.S.C. § 233(g)(1)(A).

Plaintiff did not respond to Torres' affidavit, nor has she designated any evidence that she filed a tort claim.

## II. Legal Analysis

### A. *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

**B.     *Plaintiff Failed to Exhaust Administrative Remedies***

Under the Federal Tort Claims Act, a plaintiff may bring a medical malpractice claim against the United States only after exhausting administrative remedies. 28 U.S.C. §§ 2401(b), 2675. To exhaust administrative remedies, the plaintiff must "have first presented the claim to the appropriate Federal agency," *id*. § 2675, so that the agency has an opportunity to meaningfully consider and address the claim before suit, *see Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997); *Mader v. United States*, 654 F.3d 794, 801 (8th Cir. 2011) (en banc) (explaining that the agency must have "a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit"). A claim has been presented to a federal agency once the plaintiff submits "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *see also Kanar*, 118 F.3d at 528. The Seventh Circuit has held that this presentment requirement has four elements: (1) notification of the incident; (2) demand for a sum certain; (3) title or capacity of the person signing; and (4) evidence of the person's authority to represent the claimant. *Kanar*, 118 F.3d at 528.

There is no dispute that Plaintiff did not file the appropriate form, or anything else, before filing this suit. Plaintiff has failed to exhaust administrative remedies, dooming her claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Her obvious lack of knowledge regarding those remedies does not, and cannot, change the outcome. *See Thompson v. United States*, 2024 WL 836869, at *6-7 (S.D. Ill. Feb. 28, 2024) (collecting cases).

**III.    Conclusion**

For these reasons, the Government's motion for summary judgment (ECF No. 17) is GRANTED. The Clerk is DIRECTED to enter judgment for Defendant and against Plaintiff.

SO ORDERED on September 17, 2024.

                                              s/ *Holly A. Brady*
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT JUDGE